SCHNEIDER WALLACE
COTTRELL KONECKY LLP

John J. Nestico (N.Y. SBN 1724020)
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946; Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell*
Ori Edelstein*
Kristabel Sandoval*
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg*
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff, Class and Collective members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMBERTO RAMIREZ, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br>    v.<br><br>MARRIOTT INTERNATIONAL, INC. and THE RITZ-CARLTON HOTEL COMPANY, LLC,<br><br>            Defendant. | Case No. 7:20-cv-02397-PMH<br><br>**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Plaintiff Humberto Ramirez, individually and on behalf of all others similarly situated, brings this class and collective action against Defendants Marriott International, Inc. and The Ritz-Carlton Hotel Company, LLC (collectively "Defendants") on behalf of individuals who have worked for Defendants as servers, waiters, bartenders, room service attendants, banquet workers, and other non-managerial service workers paid on an hourly basis, and are subject to Defendants' service fee policies and practices. This case implicates Defendants' longstanding policies and practices, which fail to properly compensate non-exempt all service workers for service charge payments remitted to them as wages, and for work performed while "off-the-clock." As a result, throughout the relevant time period, Plaintiff and similarly situated workers are denied payment for all hours worked, including gratuity payments, regular wages owed, and overtime wages.

2.      Defendants impose mandatory "service charge" and/or "delivery fee" surcharges (hereinafter collectively referred to as "service fee")  on the sale of food and beverages to their customers, but fail to distribute the total proceeds of those service fee surcharges to non-managerial service employees as required by New York law. This conduct violates New York Labor Law § 196-d.

3.      Defendants also maintain a longstanding policy and practice of failing to properly compensate non-exempt employees for work performed while "off-the-clock." These policies deny Plaintiff and Class, and Collective members payment for all hours worked, including overtime wages owed under the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4.      Defendants' conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their

regular rate of pay for all hours worked in excess of forty within a single workweek. 29 U.S.C. § 207(a).

5.      Plaintiff, Class, and Collective members bring the following causes of action to challenge Defendants' policies and practices of: (1) failing to pay Plaintiff, Class, and Collective members overtime wages as required under the FLSA; (2) failing to pay overtime compensation to Plaintiff and Class members for "off-the-clock" work as required by New York Labor Law; (3) failure to compensate Plaintiff and Class members the additional wages required by the New York spread-of-wages law; (4) failing to remit all service fee surcharges to Plaintiff and Class members; (5) failing to compensate Plaintiff and Class members for all hours worked; (5) unjust enrichment for failure to remit the entirety of the service fee surcharges to non-managerial service workers; (6) failing to provide Plaintiff and Class members accurate, itemized wage statements as required by N.Y. Lab. Law § 195(3); and (7) failing to provide accurate and proper written notice as required by N.Y. Lab. Law § 195(1).

6.      Plaintiff files this action to recover all unpaid wages, compensation, penalties, liquidated damages, treble damages, and other damages on behalf of himself, Class, and Collective members under the FLSA as a collective action pursuant to Section 216(b), and under state law as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendants integrated into their gratuity systems, time tracking policies, and payroll policies, that have deprived Plaintiff, Class, and Collective members of their lawfully earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

7.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically

the FLSA, 29 U.S.C. § 201, et seq. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants operate numerous properties in this district, are registered to do business in this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Accordingly, Defendants are subject to general personal jurisdiction here.

## PARTIES

9.      Plaintiff Humberto Ramirez is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of New York, County of Westchester. Plaintiff was employed as an in-room dining server and banquet worker by Defendants at the Ritz-Carlton, Westchester Hotel in White Plains, New York from 2015 to November 2019.

10.      The FLSA Collective members are people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to, food and beverage servers, in-room dining servers, banquet workers, and other similar hourly and non-exempt service workers throughout the United States within the three years preceding the filing of this Complaint.

11.      The New York Class members are all people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to, food and beverage servers, in-room dining servers, banquet workers, and other similar hourly and non-exempt service workers throughout the State of New York within the six years preceding the filing of this Complaint.

12.      Plaintiff is informed, believes, and thereon alleges that Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business located in

Maryland, and is registered to do business in New York. Marriott International, Inc. may be served with process by serving its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

13.     Plaintiff is informed, believes, and thereon alleges that Defendant The Ritz-Carlton Hotel Company, LLC is a Delaware corporation with its principal place of business located in Maryland, and is registered to do business in New York. The Ritz-Carlton Company, LLC may be served with process by serving its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

14.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned in this Complaint, Defendants are the agents and employees of their co-defendants and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment.

15.     Plaintiff is informed, believes, and thereon alleges that Defendants maintain a chain of hotels, restaurants, and resorts throughout the United States, including in New York. Plaintiff is informed, believes, and thereon alleges that Defendants employ Class and Collective members, among other hourly employees, throughout the United States, including in New York.

16.     Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

17.     Plaintiff is informed, believes, and thereon alleges that Defendant Marriott International, Inc. directly controls the operations of its agent, Defendant The Ritz-Carlton Hotel

Company, LLC. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercised control over Plaintiff, Class, and Collective members with respect to their employment.

18.     As joint employers of Plaintiff, Class and Collective members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating the FLSA, New York Labor Law, and other state laws, rules and regulations with respect to the employment of Plaintiff, Class and Collective members.

19.     Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Defendants Marriott International, Inc. and The Ritz-Carlton Hotel Company, LLC jointly.

20.     At all material times, Defendants have done business under the laws of New York, have continuously maintained physical places of business in New York, including in this district, and have employed Class and Collective members in this district and elsewhere throughout New York.  Defendants are "employers" within the meaning of N.Y. Lab. Law § 651(6).

21.     Defendants each individually and/or jointly own, operate, and/or manage hotels, restaurants, and resorts throughout New York and the United States.

22.     At all material times, Defendants have been employers, both jointly and in their individual capacities, within the meaning of the FLSA under 29 U.S.C. § 203(d).

23.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

24.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

25.     Defendants acted and continue to act as joint employers of Plaintiff because they jointly, directly, or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff, Class and Collective members. Upon information and belief, Defendant Marriott International, Inc. employ Class and Collective members jointly with the Defendant The Ritz-Carlton Hotel Company, LLC and/or with other currently unknown entities, because Defendants jointly, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

26.     Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

27.     In addition to Plaintiff, Defendants employ numerous other employees, who like Plaintiff, are non-exempt hourly employees engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

28.     Plaintiff and Collective members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

29.     At all material times, Plaintiff and Collective members are employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

30.     At all material times, Defendants do business under the laws of New York, have places of business in the State of New York, including in this judicial district, and employ Class members in this judicial district. Defendants are "employers" as defined in New York Labor Law § 651(6).

31.     Defendant The Ritz-Carlton Hotel Company, LLC, according to its website, operates multiple hotels and restaurants, and employs Class and Collective members, throughout the State of New York and the United States.

32.     Defendant Marriott International, Inc., according to its website, operates a litany of hotels, restaurants, and resorts, and employs Class and Collective members, throughout the State of New York and the United States.

## FACTUAL ALLEGATIONS

33.     Defendants operate a chain of hotels, restaurants, and resorts throughout the United States and New York, including but not limited to the Ritz-Carlton, Westchester, which is located in White Plains, New York. Defendants employ dozens of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

34.     Plaintiff worked at the Ritz-Carlton, Westchester as an in-room dining server and a banquet server from 2015 through November 2019. Plaintiff was paid at an hourly rate of $8.40, and regularly worked in excess of eight hours a day and 40 hours per week, usually working approximately eight-to-nine hours each shift and five shifts per week. On average, Plaintiff worked more than 40 hours in a workweek every week.

35.     As a matter of course, Defendants routinely add a mandatory surcharge of 18% to its food and beverage bills for in-room dining services. Defendants also add a $5 delivery fee on top of the 18% surcharge. These service fee surcharges are in the form of automatic charges which customers are required to pay, and which reasonably appear to be gratuities for the service and delivery staff.

36.     It is typically customary in the hospitality industry that establishments impose gratuity charges in the range of 18% to 22% of the food and beverage bills. Thus, when customers

pay these mandatory service fees, it is reasonable for the customers to believe those service fee surcharges are gratuities to be paid in their entirety to the service staff. Indeed, because of the way these service fees are depicted to customers, and the custom in the food and beverage industry that gratuities ranging from 18% to 22% are paid for food and beverage service, customers pay these mandatory surcharges reasonably believing they are to be remitted in total to the service staff as gratuities.

37.     During the relevant time period, Defendants pay Plaintiff, Class and Collective members a portion of the service fees charged to customers as supplementary payments in addition to their regular hourly wages. However, Defendants do not remit the total proceeds of these service fees to the non-managerial employees who serve the food and beverages. Instead, Defendants have a policy and practice of retaining a portion of those service fees and/or using a portion of the service fees to pay non-service workers. As a result, Plaintiff, Class, and Collective members do not receive the total proceeds of the service fees as gratuities, to which they are entitled under New York law.

38.     As a matter of policy and practice, Class and Collective members also perform work while "off-the-clock" with Defendants' knowledge, and are denied compensation for the time spent engaged in this off-the-clock work. Class and Collective members' off-the-clock work includes cleaning, stocking supplies, setting up their workstations, and performing various other tasks before clocking in and after clocking out for their shifts. Defendants discouraged Class and Collective members from recording work hours performed outside of their scheduled shifts. Even though Class and Collective members regularly arrive earlier and begin working prior to the start of their shift, and routinely work past the end of their shifts, Defendants set strict clock-in and clock-out procedures requiring Class and Collective members not to clock in until a few minutes

from their scheduled start time, and to clock out within a few minutes of their scheduled end time, regardless of when they actually start or end their work. For instance, Defendants utilize a badge-swiping timekeeping system which prohibits workers from signing in more than five minutes before their scheduled start time. If a worker attempts to clock in before their scheduled start time, the timekeeping system will not register such an attempt as valid unless a manager or supervisor overrides the system. Class and Collective members are not compensated for this work performed outside of their recorded hours.

39. As a result of these policies, Defendants deny Plaintiff, Class, and Collective members surcharge service fees to which they are lawfully owed, as well as the overtime premiums resulting from pre- and post-shift work performed while "off-the-clock" for Defendants' benefit.

40. Plaintiff is informed, believes, and thereon alleges that this same timekeeping system is used across all of Defendants' facilities throughout New York and the United States.

41. Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate wage notices and records of the hours worked by Class and Collective members. In particular, Defendants have failed to record hours that Plaintiff, Class, and Collective members worked while off the clock.

42. Defendants' failure to record all service fee surcharge payments and all hours worked also results in a failure to provide Class and Collective members, including Plaintiff, accurate itemized wage statements as required by New York law. The wage statements Defendant provides are not accurate because they do not reflect the actual wages earned as service fee surcharges, nor the actual hours worked by Plaintiff, Class, and Collective members.

43. Upon information and belief, Defendants do not provide Plaintiff and Class members with a written notice, in English and Spanish, containing accurate representations of,

-10-

among other things, their rates of pay and basis thereof, including the terms of the service fee surcharges to be paid to the service workers and the allowances and deductions to be deducted from their wages.

44.     Class and Collective members were and are employed by Defendants and perform work materially similar to Plaintiff.

45.     Class and Collective members report to a facility owned, operated, or managed by Defendants to perform their jobs.

46.     Class and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

47.     Class and Collective members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

48.     At the end of each pay period, Class and Collective members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

49.     Defendants pay Class and Collective members on an hourly rate basis.

50.     Plaintiff often worked more than 8 hours a day, and more than forty hours in a week, and did so on at least one workweek during the six years before this Complaint was filed. On average, Plaintiff worked eight to nine hours each shift and five shifts per week. Plaintiff often worked in excess of 10 hours in a single shift. On average, Plaintiff worked more than 40 hours in a workweek every week.

51.     Upon information and belief Class and Collective members worked more than 8 hours a day, and more than forty hours in at least one workweek during the three years before this

Complaint was filed.

52.     Defendants require Class and Collective members to perform substantial work off-the-clock and without compensation. Defendants require Class and Collective members to clock in and out of work using company-mandated timekeeping software. Class and Collective members perform work while off-the-clock for the benefit of Defendants, including cleaning, stocking supplies, setting up their workstations, and performing various other similar tasks for the benefit of Defendants. As a result of this off-the-clock work, Class and Collective members are not adequately compensated for all hours worked at their regular rate or at the applicable overtime rates. On average, Plaintiff works approximately 10 to 15 additional minutes of pre-shift work while off-the-clock each shift, and approximately 20 to 30 additional minutes of post-shift work while off-the-clock each shift.

53.     For example, Class and Collective members are required to clock out at the end of their regular shift, but are required to stay and help clean their workstations or complete additional food and beverage service work while off-the-clock at the direction of their supervisors. Class and Collective members are also required to clean, stock supplies, set up their workstations, and perform various other food and beverage tasks before clocking in and after clocking out. As a result, this time worked by Plaintiff, Class and Collective members goes unrecorded and uncompensated.

54.     When Plaintiff and Collective members work more than forty hours in a workweek, Defendants fail to pay them one and one-half times their regular hourly rate for all overtime hours worked in violation of the FLSA.  Defendants fail to include time worked while "off-the-clock" in the total hours worked in a given workweek. Similarly, Plaintiff and Class members are often denied overtime for all work performed in excess of 40 hours per week in violation of New York

law.

55.     Defendants do not provide Class members, including Plaintiff, accurate wage notices and itemized wage statements as required by New York law. The wage statements they are provided are not accurate because they do not reflect the actual hours worked by Plaintiff and Class members. The wage statements do not contain all of the service fee surcharges that should be remitted to Plaintiff and Class members, nor off-the-clock work. Further, the wage statements are inaccurate because they do not include premium pay for all overtime hours worked.

56.     Defendants have employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

57.     Defendants' method of paying Plaintiff, Class, and Collective members is willful, and is not based on a good faith and reasonable belief that their conduct complies with either the FLSA or New York law.

58.     Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class and Collective members. In particular, Defendants have failed to record hours that Plaintiff, Class, and Collective members worked while off the clock.

59.     Defendants' conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for all hours worked, including minimum wage, wages at the agreed rate, and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.  The FLSA

Collective that Plaintiff seeks to represent is defined as follows.

> **All current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, in-room dining servers, banquet servers, or other employees with similar job duties employed by Defendants nationwide during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").**

61.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the Collective members.

62.     Plaintiff and Collective members have been denied compensation for time worked, including "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

63.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subject Collective members to their common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

64.     Other Collective members similarly situated to Plaintiff work, or have worked, for Defendants and are similarly not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceed forty per workweek. Other Collective members similarly situated to Plaintiff perform compensable work while "off-the-clock" either before their shift began or after it ended. Similarly situated Collective members are not paid overtime at the rate of one and one-half times their regular hourly rate when the work performed while "off-the-clock" caused them to work in excess of forty hours per workweek.

65.     Collective members perform or have performed the same or similar work as Plaintiff involving food and beverage service.

66.     Collective members regularly work or have worked in excess of forty hours during a workweek.

67.     Collective members are not exempt from receiving overtime compensation under the FLSA.

68.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

69.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a.   Defendants maintain common scheduling systems and policies with respect to Plaintiff and Collective members, control the scheduling systems and policies implemented throughout their facilities and retain authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

    b.   Defendants maintain common timekeeping systems and policies with respect to Plaintiff and Collective members; and

    c.   Defendants maintain common payroll systems and policies with respect to Plaintiff and Collective members, control the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members.

70.     Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including "off-

the-clock" work.

71.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants have a plan, policy or practice of not paying Plaintiff and Collective members for work performed "off-the-clock.

72.     As such, the Collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 100 people or more. The precise number of Collective members should be readily available and identifiable from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

## RULE 23 CLASS ACTION ALLEGATIONS

73.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The New York Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, in-room dining servers, banquet servers, or other employees with similar job duties employed by Defendants in New York any time starting six years prior to the filing of this Complaint until resolution of this action.**

74.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

75.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of New York Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New York Class and Defendants.

76.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the New York Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

    a.  Whether Plaintiff and Class members worked hours in excess of forty per workweek;

    b.  Whether Defendants fail to compensate Class members for all hours worked, including hours worked as overtime compensation, in violation of New York Labor Laws;

    c.  Whether Defendants failed to include supplementary payments such as service fee surcharges in the regular rates of pay for Plaintiff and Class members;

    d.  Whether Defendants paid Plaintiff and Class members additional wages when they worked in excess of ten hours per shift in accordance with N.Y. Lab. Reg. § 142-2.4;

    e.  Whether Defendants have a policy and/or practice of charging a service fee to customers and failing to remit the entirety of that service fee to Class members;

f.  Whether Defendants have a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

g.  Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the New York Labor Laws;

h.  Whether Defendants fail to provide Class members with timely, accurate itemized wage statements in violation of the N.Y. Lab. Law § 193(3);

i.  Whether Defendants fail to provide written notice, in English and Spanish, in compliance with N.Y. Lab. Law § 195(1);

j.  Whether Defendants' conduct in failing to remit all of the service fee surcharges to Plaintiff and Class members constitutes unjust enrichment; and

k.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

77.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the New York Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

78.  <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the

interests of the Class members.

79.     <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

80.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

81.     If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

82.     Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being

**FIRST CAUSE OF ACTION**
**Violation of 29 U.S.C. § 207**
**Failure to Pay Overtime Compensation for "Off-the-Clock" Work**
**(FLSA Collective Action)**

83.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

forth herein.

84.     Throughout the relevant time period, Defendants suffer and/or permit Plaintiff and Collective members to work additional time outside of their shifts for work-related tasks. These tasks include, but are not limited to serving customers, cleaning, stocking supplies, setting up their workstations, and performing various other tasks before clocking in and after clocking out for their shifts for the benefit of Defendants.

85.     Defendants actively discourage Plaintiff and Collective members from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of his scheduled shift, before he clocked in and after he clocked out. Upon information and belief, Defendants treat Collective members similarly with respect to "off-the-clock" work.

86.     Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work in excess of forty hours per workweek for which he was not compensated at an overtime rate of pay. Defendants' policies and practices favor Defendants at the expense of Plaintiff and Collective members.

87.     Defendants violated and continue to violate the FLSA when they fail to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffer wage losses during weeks where the total time worked (logged and unlogged) exceeds forty hours.

88.     Defendants' failure to pay overtime to Plaintiff and Collective members, is willful and not based on a good-faith belief that their conduct does not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective

members' claims under the FLSA.

89.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

90.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

91.     Wherefore, Plaintiff and the putative Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Violation of N.Y. Lab. Law § 190 *et seq.***
**Failure to Pay Overtime Compensation for "Off-the-Clock" Work**
**(On Behalf of the Class)**

92.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

93.     Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

94.     This cause of action arises from Defendants' violation of N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiff and Class members all of their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and Class members were entitled to receive one-and-one-half times their regular rates of pay.

95.     Defendants violated N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* by failing to compensate Plaintiff and Class members for work performed while off-the-clock consistent with the overtime provisions.

96.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class members suffer loss of income and other damages. Plaintiff and Class members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

97.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### Violation of N.Y. Labor Regulation § 142-2.4
### Spread-of-Hours Violation
### (On Behalf of the Class)

98.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

99.     This cause of action arises from Defendants violation of the N.Y. Lab. Law; specifically, Defendants' violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee worked for ten or more hours.

100.    Defendants violate the N.Y. Lab. Law by failing to comply with their obligation to pay Plaintiff and Class members the additional wages required by N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 on those days when Plaintiff and the Class members in fact work for ten or more hours.

101.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class members suffer loss of income and other damages. Plaintiff and Class members are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

102.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

<u>**FOURTH CAUSE OF ACTION**</u>
**Violation of N.Y. Lab. Law § 196-d**
**Improper Retainer of Service Fees from Service Workers**
**(On Behalf of the Class)**

103.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

104.     New York Labor Law § 196-d prohibits employers from retaining: (1) "any part of a gratuity"; or (2) "any charge purported to be a gratuity for an employee."

105.     Section 196-d does not prohibit "practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees" or "the sharing of tips by a waiter with a busboy or similar employee."

106.     Whether mandatory or voluntary, § 196-d covers any charge that a reasonable customer would have believed would serve as a gratuity. Indeed, if § 196-d were interpreted to cover only voluntary payments, employers would have license to mislead patrons as to the cost of their meals and how much of their payments will be directed to service employees, in clear contravention of the statute's text and purpose. Quite the opposite, § 196-d's clear directive is that employers must distribute to service workers any "charge purported to be a gratuity for an employee."

107.     Defendants attach a hidden surcharge, misleadingly labeled as a "service fee" and/or "delivery fee" to all food and beverage sales in the amount of 18% and an additional flat rate surcharge, generally in the amount of $5, for food and beverage services. Unwary customers pay these service fees reasonably believing that the entirety of the service feewill be remitted to the service workers as gratuity payment, as is the widely accepted custom throughout the hospitality industry. Defendants, however, do not remit the entire service fee proceeds to Plaintiff and Class members.

108.    In relevant part, § 196-d provides:

> No employer . . . or any other person shall demand or accept, directly
> or indirectly, any part of the gratuities, received by an employee, or
> retain any part of a gratuity or of any charge purported to be a
> gratuity for an employee. . . . Nothing in this subdivision shall be
> construed as affecting . . . practices in connection with banquets and
> other specific functions where a fixed percentage of the patron's bill
> is added for gratuities which are distributed to employees, nor to the
> sharing of tips by a waiter with a busboy or similar employee.

109.    The statute forbids employers from retaining "any part" of either (1) "a gratuity";
or (2) "any charge purported to be a gratuity." In other words, the statute treats identically a
"gratuity" and a "charge" that purports to be a gratuity, attaching no significance to whether a
payment is made voluntarily as a tip or involuntarily as a mandatory surcharge. All that is required
is that a charge purports, or "seems" to be a gratuity.

110.    Customers reasonably believe that Defendants' mandatory service fees are actually
gratuity payments to service workers. The term as used in Defendants' billing practices, "service
fee" or "delivery fee," indicate the surcharge is intimately connected with the "service" of
preparing and/or "delivering" the food and beverages.

111.    N.Y. Lab. Law § 196-d requires the distribution of "service fee" surcharges, in their
entirety, to service workers. Plaintiff and Class members are and have been deprived of receiving
the service fee surcharges in full that Defendants should have paid them.

112.    Plaintiff and Class members are entitled to the portions of the service fees that were
not originally remitted to the service workers.

113.    Upon information and belief, Defendants' ongoing violation of § 196-d are willful.
Accordingly, Defendants are also liable under N.Y. Lab. Law § 198 for payment to Plaintiff and
Class members of a 25% penalty.

114.     Plaintiff and Class members are also entitled to reasonable attorneys' fees pursuant to § 198.

115.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**(On Behalf of the Class)**

116.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

117.     Defendants' conduct as set forth above constitutes unjust enrichment under New York common law.

118.     At all relevant times, Plaintiff and Class members bestowed a benefit in the form of service which is customarily "tipped" in addition to hourly wages that are regularly paid to service workers.

119.     Because of Defendants' non-payment and underpayment to service workers of all sums denominated as "service fees" and/or "delivery fees," Defendants knowingly receive and retain funds that patrons intend to be paid in full to the waitstaff and other service workers.

120.     In equity and good conscience, said funds belong to Plaintiff and Class members, not Defendants or other non-service workers employed by Defendants.

121.     Defendants will obtain such benefit without adequately compensating Plaintiff and Class members if Defendants are permitted to retain the unpaid service fee surcharges collected from their customers without remitting the entirety of the service fee payments to their intended beneficiaries – the non-managerial service workers.

122.   Defendants should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendants' customers to service employees.

123.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements Pursuant to N.Y. Lab. Law § 195
(On Behalf of the Class)**

124.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

125.   Defendants do not provide Plaintiff and Class members with accurate itemized wage statements as required by N.Y. Lab. Law § 195(3).

126.   With each payment of wages, Defendants fail to provide Plaintiff and Class members with an accurate statement listing each of the following categories of information:

    a.   The dates of work covered by that payment of wages;

    b.   Name of employee;

    c.   Name of employer;

    d.   Address and phone number of employer;

    e.   Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

    f.   Gross wages;

    g.   Deductions;

    h.   Allowances, if any, claimed as part of the minimum wage;

    i.   Net wages;

    j.   The regular hourly rate or rates of pay;

    k.   The overtime rate or rates of pay;

    l.   The number of regular hours worked; and

    m.  The number of overtime hours worked.

127.    As a result, Defendants are liable to Plaintiff and each Class member in the amount of $2,500, together with attorneys' fees and costs.

128.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirement Pursuant to N.Y. Lab. Law § 195**
**(On Behalf of the Class)**

129.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

130.    Defendants fail to provide Plaintiff and Class members with a written notice, in English and in Spanish, containing the following categories of information as required by N.Y. Lab. Law § 195(1):

    a.   The rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

    b.   Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    c.   The regular pay day designated by the employer;

    d.   The name of the employer;

    e.   Any "doing business as" names used by the employer;

    f.   The physical address of the employer's main office or principal place of business, and a mailing address if different; and

    g.   The telephone number of the employer.

131.    As a result, Defendants are liable to Plaintiff and each Class member in the amount of $2,500, together with attorneys' fees and costs.

132.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## JURY DEMAND

133.    Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Class and Collective members, requests the following relief:

1.    For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.    For an order equitably tolling the statute of limitations for the potential members of the Collective;

3.    Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA, New York Labor Law, and all other applicable laws, rules, and regulations of New York;

4.    For a declaratory judgment that Defendants violated the FLSA, New York Labor Law, and public policy as alleged herein;

5.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing, now and in the future, those violations of law herein alleged;

6.      For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

7.      For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

8.      For an order awarding Plaintiff and the Class members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, treble damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

9.      For an order awarding Plaintiff and Class members civil penalties pursuant to the New York Labor Law, and the laws of the State of New York, with interest thereon;

10.     For an order awarding reasonable attorneys' fees as provided by the New York Labor Law, the laws of the State of New York, the FLSA, and/or other applicable law;

11.     For all costs of suit;

12.     For interest on any penalties awarded, as provided by applicable law; and

13.     For such other and further relief as this Court deems just and proper.

Date: July 9, 2020                          SCHNEIDER WALLACE
                                            COTTRELL KONECKY LLP


                                            */s/ Carolyn H. Cottrell*
                                            Carolyn H. Cottrell*
                                            Ori Edelstein*
                                            Kristabel Sandoval*
                                            2000 Powell Street, Suite 1400
                                            Emeryville, California 94608
                                            Tel: (415) 421-7100; Fax: (415) 421-7105
                                            ccottrell@schneiderwallace.com
                                            oedelstein@schneiderwallace.com
                                            ksandoval@schneiderwallace.com

                                            John J. Nestico (N.Y. SBN 1724020)
                                            6000 Fairview Road, Suite 1200
                                            Charlotte, North Carolina 28210
                                            Tel: (510) 740-2946; Fax: (415) 421-7105
                                            jnestico@schneiderwallace.com

                                            William M. Hogg*
                                            3700 Buffalo Speedway, Suite 960
                                            Houston, Texas 77098
                                            Tel: (713) 338-2560; Fax: (415) 421-7105
                                            whogg@schneiderwallace.com

                                            * Admitted *Pro Hac Vice*

                                            *Counsel for Plaintiff, Class, and Collective*