February 19, 2021

**Via ECF**
The Honorable Philip M. Halpern
U.S. District Court for the Southern District of New York
U.S. Courthouse, 500 Pearl Street, Room 1950
New York, NY 10007

      Re:    ***Ramirez v. Marriott International, Inc., et al***, Case No. 7:20-cv-02397-PMH;
                   Plaintiff's Letter Requesting Discovery Conference

Dear Judge Halpern:

Pursuant to Your Honor's Individual Practices, and Local Rule 37.2, Plaintiff respectfully requests a pre-motion discovery conference in advance of filing a Motion to Compel Discovery. In adherence with Fed. R. Civ. P. 37(a)(1), the parties have met and conferred regarding Defendants' deficient discovery responses, both in writing and during two telephone conferences on February 3, 2021 and February 4, 2021. Following those calls, the Parties reached an impasse as to Defendants' refusal to withdraw improper boilerplate objections, as well as Defendants' refusal to disclose the identities and contact information of the putative class and collective members (the "class list") in this wage-and-hour class and collective action case brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff's Motion would seek to compel Defendants to disclose this information. The Motion would also seek a ruling that Defendants' use of boilerplate objections is improper and results in waiver of the objections, as well as an order requiring Defendants to state the extent to which they are actively withholding responsive materials from discovery.

As is routine in wage-and-hour litigation, Plaintiff requested the class list in written discovery. Plaintiff sought this information for purposes of determining whether the proposed collective members are "similarly situated" under § 216(b) the FLSA, as well as to gather evidence in support of Plaintiff's anticipated motion for Rule 23 certification. Defendants have outright


refused to provide this commonly-disclosed information, citing generic and boilerplate objections, and asserting that such information is "premature" and "beyond the scope of the current phase of discovery" because the matter "has not [yet] been certified as a class or collective action." Putting aside that Defendants failed to properly object with specificity, Defendants' "premature" and "outside the current scope" objections lack facial merit because such information is commonly disclosed in cases similar to this one prior to certification of any class or collective action.

The weight of authority "counsels in favor of allowing [pre-certification disclosure of contact information] in FLSA cases." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 U.S. Dist. LEXIS 58460, at *4 (S.D.N.Y. June 14, 2010) (collecting cases); *see also Spack v. Trans World Entm't Corp.*, No. 1:17-CV-1335 (TJM/CFH), 2019 U.S. Dist. LEXIS 23004, at *12 (N.D.N.Y. Feb. 13, 2019) ("On balance[], the Court concludes that allowing for this limited pre-certification discovery will assist the parties and the Court in determining whether conditional certification is appropriate for a collective[.]").

Moreover, "conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members." *Fei v. WestLB AG*, No. 07 Civ. 8785 (HB) (FM), 2008 U.S. Dist. LEXIS 33310, at *5 (S.D.N.Y. Apr. 23, 2008) (collecting cases).

> Potentially, such discovery may permit greater judicial efficiency and economy, as if the discovery demonstrates that plaintiffs are unlikely to obtain even conditional certification of the collective[], plaintiffs may decide not to file such a motion, and, conversely, if such discovery provides information suggesting plaintiffs and the putative [collective members] are similarly situated, plaintiffs will be able to make a stronger and more efficient motion for conditional certification. Indeed, were the Court to deny this minimal pre-certification discovery demand, the Court is doubtful that plaintiffs would be able to adequately make the determination whether to seek conditional certification of the [collective].

*Spack.*, 2019 U.S. Dist. LEXIS 23004, at *12-13.



Similarly, pre-certification disclosure of contact information is generally allowed to assist the named plaintiff in seeking class certification. *See Gordon v. Kaleida Health*, No. 08-CV-378S F, 2012 WL 432885, at *2 (W.D.N.Y. Feb. 9, 2012) ("It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria.").

Plaintiff is entitled to discover the class list because it is directly relevant to Plaintiff's anticipated motions for conditional certification of a FLSA collective action, as well as a motion for class certification under Rule 23. Plaintiff's counsel must be permitted to investigate whether putative class and collective members experienced similar wage and hour violations as Plaintiff; such information will assist in further defining the scope of the class and collective.

In addition, Defendants' objections are pure boilerplate and do not provide a basis for refusing to produce the requested information. Defendants objected in virtually identical fashion to Plaintiff's Interrogatories Nos. 1 and 2, seeking the identities and contact information of the putative Rule 23 class members and collective members respectively, as follows:

> Defendant objects to this Interrogatory on the grounds that it is premature and seeks information and documents regarding individuals other than Plaintiff when this matter has not been certified as a class or collective action and such individuals are not otherwise parties to or participants in this action and such documents are beyond the scope of the current phase of discovery. Defendant further objects to this Interrogatory on the grounds that it seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it is overbroad, ambiguous, vague, unduly invasive of privacy, unduly burdensome, and oppressive, or otherwise disproportionate to the needs of the case such that the burden and expense of responding to the Interrogatory outweighs any benefit.

These objections fail to satisfy Defendants' burden to resist discovery. For example, what is burdensome or oppressive about disclosing a list of names and contact information that



Defendants are required to maintain by federal regulation (29 C.F.R. § 516.2)? What is ambiguous or vague about such a straightforward request for names and contact information, especially when such individuals are potential percipient witnesses in this lawsuit? How would the disclosure of such information "unduly invade" privacy? How would Defendants be harmed if they were forced to disclose this information? Defendants do not explain, and therefore fail to meet their burden under Rules 33 and 34 to object with specificity. *Fischer v. Forrest*, No. 14 Vic. 1304 (PAE), 14 Civ. 1307 PAE) AJP), 2017 U.S. Dist. LEXIS 28102, at *2 (S.D.N.Y. Feb. 28, 2017).

In order to meet these specificity requirements, an objection must state (1) how the request is deficient, and (2) articulate how the responding party would be harmed if it were forced to respond. *Id.*; *see also Burns v. Imagine Films Entertainment*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (noting that in order to be considered "specific," an objection to written discovery must be "supported by detailed explanation of why" the request is objectionable); *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000) (finding objections were improper where the party resisting discovery "merely asserted boilerplate objections . . . without specifying how each request for production is deficient and without articulating the particular harm that would accrue if they were required to respond to [the] discovery requests."). Defendants' objections to Plaintiff's requests for the class list are pure boilerplate, offer no specificity or explanation, and fall well below this simple threshold. Even worse, Defendants asserted similar non-specific and boilerplate objections throughout their responses to written discovery.[1]

---

[1] Defendants also assert fourteen separate "General Objections" and attempt to incorporate those general objections throughout all of Defendants' discovery responses. These "General Objections" are by their very nature non-specific in violation of the Federal Rules. *See Caprate Events, LLC v. Knobloch*, No. 17-CV-5907 (NGG) (SJB), 2018 U.S. Dist. LEXIS 227238, at *5 (E.D.N.Y. Apr. 18, 2018) (citing Fed. R. Civ. P. 34(b)(2)(B)).


A ruling on the propriety of Defendants' boilerplate objections is important because Defendants have stated they are producing other documents on a "rolling" basis, but Defendants have failed to state the extent to which they are withholding other categories of documents/information from discovery. Defendants' use of boilerplate objections therefore obscures their answers such that Plaintiff is unable to discern whether Defendants are actively withholding responsive materials, or merely waiting to disclose those materials in a slow-drip "rolling" fashion whenever they (unilaterally) deem appropriate. Despite exhaustive meet and confer efforts, Defendants have refused to remove the improper objections and state the extent to which responsive materials are being withheld. *Fischer*, 2017 U.S. Dist. LEXIS 28102, at *2.

The only category of information that Defendants have outright refused to produce thus far is the class list. As such, that is the only category of information Plaintiff is currently seeking to compel Defendants to produce. Plaintiff also requests the Court order Defendants to supplement their responses to disclose whether they are actively withholding other categories of information/documents from discovery, as Defendants are required to do under the Federal Rules. Plaintiff also seeks a ruling that Defendants' improper and obfuscating use of boilerplate objections renders those objections as waived.

Based on the above, Plaintiff requests a pre-motion discovery conference.

Sincerely,

*/s/ William M. Hogg*

William M. Hogg (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

cc: All Counsel of Record (via ECF)