February 26, 2021

**Via ECF**
The Honorable United States District Judge Philip M. Halpern
United States District Court, Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

**Re:**   *Ramirez v. Marriott International, Inc., et al.*, 20-cv-02397-PMH-PED

Defendants write to oppose Plaintiff's February 19, 2021 letter seeking permission to file a motion to compel the "identities and contact information of the putative class and collective members (the 'class list')." Dkt. No. 56, at 1.[1]  That request should be denied, and if not denied full briefing should be ordered on this critical issue.

Plaintiff has not taken a single 30(b)(6) or other deposition, and avoided completing his deposition.  A motion to dismiss critical parts of his case is pending and, based on his (incomplete) deposition, other of his claims are meritless and the alleged contours of the case continue to shift and significantly narrow.  Plaintiff has also not provided a shred of underlying factual support as to how other employees at The Ritz-Carlton New York, Westchester (the only hotel where Plaintiff worked) are similarly situated, let alone a nationwide class of employees.  He has not made a motion for conditional or class certification.  Nevertheless, Plaintiff asks this Court to effectively grant collective certification by ordering Defendants to produce a list of the entire putative collective membership so he can solicit other plaintiffs.  Plaintiff's request should be denied.

**I.     Plaintiff's Request is Clearly Not for Discovery Purposes, and is Grossly Overbroad to Determine if Anyone is Similarly Situated.**

Plaintiff claims he needs a list of individuals *across the country*, in positions he *never* held, and from locations at which he *never* worked.  He says he needs this list to determine if "proposed

---

[1] Immediately following the February 23 conference, we asked Plaintiff's counsel to identify with which allegedly "boilerplate" objections (and to which specific requests) counsel was concerned, so that Defendants may consider removing them or offering potential compromises to avoid any unnecessary use of the parties' or this Court's resources.  Accordingly, Defendants only respond herein to the issue of the production of a "class list."

1

collective members are similarly situated" and to gather evidence. Dkt. No. 56, at 1. However, Plaintiff does not provide a single sentence to explain why a list with that sweeping scope is needed for either purpose. For both purposes Plaintiff could, for example, take a Rule 30(b)(6) deposition. Plaintiff also must already know other individuals, or he has violated Rule 11 in asserting that similarly situated individuals exist. *See* Second Amended Complaint, Dkt. No. 32, ¶¶ 1, 25, 33, 56, 63, 64, 72, 73, 85. If that is not enough, Plaintiff does not explain why a sampling would not be sufficient for his alleged two purposes, or for the Court's management of the case.

## II. Plaintiff's Request is Thus an Impermissible Effort to Solicit Additional Plaintiffs

In the absence of any explanation, it is clear that the goal of the request is actually to solicit additional plaintiffs. However, that is not appropriate under the FLSA, U.S. Supreme Court precedent, Congressional intent, and numerous decisions in this Circuit and elsewhere. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 174 (1989) ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims."); *Swales v. KLLM Transport Servs., LLC*, 985 F.3d 430, 436 (5th Cir. 2021) ("Given the real risk of abuse of the collective-action device, a court's 'intervention in the notice process' cannot devolve into 'the solicitation of claims.'") (citing *Hoffman-La Roche*, 493 U.S. at 174); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 n. 19 (5th Cir. 2019) ("this 'notice of rights' theory looks a lot like 'solicitation of claims,' which *Hoffmann-La Roche* forbids, instead of permissibly facilitating notice 'for case management purposes.'") (citing *Hoffmann-La Roche*, 493 U.S. at 174); *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (noting the solicitation of claims as a danger of collective actions).

"[N]owhere" in the FLSA does it "suggest[] that employees have a right to receive notice of potential FLSA claims." *In re JPMorgan*, 916 F.3d at 501; 29 U.S.C. § 201 et seq. And certainly *nothing* in the FLSA requires that, ***pre-certification***, an entire list of potential participants in a purported nationwide class be turned over to a plaintiff's counsel. *See, e.g., Swales*, 985 F.3d

at 435 ("Congress amended the FLSA's collective-action procedure through the 1947 Portal-to-Portal Act requiring [individuals] to opt-in via written consent" as a response "to excessive litigation spawned by plaintiffs lacking a personal interest in the outcome of FLSA cases.") (quote and cite omitted); Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947) (under the title "Representative Actions Banned," precluding overtime claims from being adjudicated absent the employee's "consent in writing."); H.R. Report No. 71, 80th Congress, 1st Session 4 (1947) (highlighting the dangers of interrogatories seeking information about each employee); Senate Judiciary Report to Class Action Fairness Act of 2005, S. Rep. 109-14, at 44 (2005), as reprinted in 2005 U.S.C.C.A.N. 3 (noting that it is "improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list)"). Any District Court decision which holds to the contrary is wrong, and, if Your Honor disagrees *following full briefing*, the question should be certified to the Court of Appeals to determine if the Second Circuit will follow the recent decisions of its sister circuit courts on these critical issues.

### III. Mandatory Production of a Full Class List Pre-Certification Improperly Circumvents the FLSA Certification and Notice Process Used in this Circuit.

Plaintiff's demand would also eviscerate the court-supervised FLSA-notice process. Specifically, Plaintiff's request for the entire list of putative class members is the equivalent of granting conditional certification: Plaintiff can call every person and ask them if they want to join the action. However, Plaintiff has not made (and cannot make) the required *factual showing* that he and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 348 (S.D.N.Y. 2017) (quote and cite omitted). And Plaintiff cannot be permitted to circumvent the notice process under § 216(b) by effectuating such notice through "discovery." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352, 354, 342 (1978) (rejecting plaintiffs' attempt to obtain Rule 23 class list through discovery rules prior to certification); *Gold v. Clear Channel Communications, Inc.*, No. 1:07-CV-08204

3

(S.D.N.Y. March 7, 2008) ("***I am not going to give you discovery of the contact information because that is the whole point of whether or not the notice can be provided.***" (Docket No. 34-2 at 15:20-22) and at Tab A (emphasis added); *Errickson, v. Paychex, Inc.*, 447 F. Supp. 3d 14, 28 (W.D.N.Y. 2020) (allowing Plaintiff unfettered discovery of a "class list" he himself broadly defined - and prior to *any* factual showing that potential opt-in plaintiffs together were victims of a common policy or practice "merely stirs up litigation" and should be prohibited) (quoting *JPMorgan Chase*, 916 F.3d at 502); *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. LEXIS 42627, at *7-8 (E.D.N.Y. June 12, 2006) (plaintiffs' pre-certification motion to compel discovery of names and addresses denied); *Searson v. Concord Mortgage Corp.,* 2008 U.S. Dist. LEXIS 28667 at *2-3 (E.D.N.Y. Apr. 8, 2008) (denying request for class list as "premature," writing that "the discovery sought by the plaintiffs is improper because the class has not been conditionally certified…").

Plaintiff must first follow the process mandated by the FLSA before being permitted the unilateral (and unsupervised) right to solicit putative collective members. *See, e.g., Swales*, 985 F.3d at 435 ("collective actions also pose dangers: (1) the opportunity for abuse (by intensifying settlement pressure no matter how meritorious the action); and (2) the appearance of court-endorsed solicitation of claims (by letting benign notice-giving for case-management purposes warp into endorsing the action's merits, or seeming to, thus stirring up unwarranted litigation"); *Bigger,* 947 F.3d at 1049 (noting that solicitation of claims is a danger of collective actions). For these reasons, Plaintiff's application should be denied. In the alternative, the information should be limited to a 10 percent random sampling of IRD servers at Plaintiff's one location within two years (the FLSA SOL period). *Ortiz v. Amazon.com LLC*, No. 17-CV-03820-JSW-MEJ, 2018 WL 2451816, at *2 (N.D. Cal. May 31, 2018) (approving production of a 20% sample of class list).

**IV.** **In Addition to Being Unconstitutional and Having no Basis in the FLSA, Plaintiff's Request is Overbroad, Premature, and Alternative Methods Exist to Explore Whether Proposed Class/Collective Members are Similarly Situated.**

Plaintiff's requested "class list" is wildly overbroad and premature. A motion to dismiss

4

critical parts of this case is pending. Plaintiff admits his claims are limited solely to the RCW Hotel and in-room dining ("IRD"), ***not*** banquets. *See* Tab B at 32:4-8 (Q: You're not seeking to represent banquet servers; do I have that right? … A: Correct."); 113:11-15 ("Q: Now, your claims in this lawsuit, they only relate to your time at the Westchester Ritz-Carlton; is that correct? A: Correct."). Despite this testimony, Plaintiff seeks contact information for "***all current and former non-exempt hourly workers** of Defendant[s]*" in the United States for three years, and in New York for six years, prior to the filing of the Complaint. This proposed "class," including janitors, housekeepers, lifeguards, receptionists, parking lot attendants, etc., must be rejected. *See, e.g., Anglada v. Linens 'N Things, Inc.*, No. 6-cv-12901, 2007 WL 1552511, at *1, *4 (S.D.N.Y. Apr. 26, 2007), report and recommendation adopted (May 22, 2007) (limiting list of names and addresses to stores *where plaintiff worked and **after*** conditional certification motion was filed).

Courts also routinely deny requests to provide contact information where, as here, a plaintiff has not yet exhausted (or even really chose to start) the discovery process through standard discovery tools. *Charles v. Nationwide Mut. Ins. Co.*, No. 09 CV 94 ARR, 2010 WL 7132173, at *7 (E.D.N.Y. May 27, 2010) (denying class information where plaintiff failed to demonstrate no alternative means to obtain the information); *Jenkins v. TJX Companies, Inc.*, No. CV 10-3753 ADS WDW, 2011 WL 1563677, at *2 (E.D.N.Y. Apr. 25, 2011) (finding request for class contact information premature where plaintiff had not attempted other tools).[2] As Plaintiff has not shown he exhausted the discovery tools available to support any purported certification motion, his request for a class list to purportedly gather such evidence should be denied.

---

[2] The authority Plaintiff cites is inapposite. Dkt. No. 56 at 2-4. None of the cases involved a pending motion to dismiss claims central to the case, as here with Plaintiff's service charge and delivery fee claims. *See* Dkt. Nos. 42-47; *see also Johnson v. Bankers Life & Cas. Co.*, No. 13-144, 2013 WL 5442374, at *2 (W.D. Wis. Sept. 30, 2013) (requiring disclosure, ***but only after first denying defendant's motion to dismiss***). Further, in *Gordon v. Kaleida Health*, No. 08-CV-378S F, 2012 WL 432885, at *5 (W.D.N.Y. Feb. 9, 2012), the court denied the motion to compel without prejudice pending "[p]laintiffs' exercise of standard discovery devices directed to pre-class certification requirements." After the Court rules on the pending motion to dismiss, Plaintiff should similarly be required to exercise standard discovery devices before contacting all current and former employees.

5

*/s/ Melissa C. Rodriguez*

Melissa C. Rodriguez

cc: All Counsel of Record (via ECF)

> The Court is in receipt of Plaintiff's pre-motion conference letter in anticipation of moving to compel pursuant to Federal Rule of Civil Procedure 37 (Doc. 56) and Defendants' response thereto (Doc. 57). The Court shall hold a pre-motion conference on March 16, 2021 at 10:30 a.m. At the time of the scheduled conference all parties shall call (888) 398-2342; access code: 3456831. The Clerk is instructed to terminate ECF No. 56.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern, U.S.D.J.
>
> Dated: White Plains, NY
>        March 1, 2021