

> Application denied without prejudice to renewal for failure to comply with this Court's Individual Practice 4.D.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 78.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         July 30, 2021

**Via ECF**

The Honorable
U.S. District
U.S. Court
New York

Re:    ***Ramirez v. Marriott International, Inc., et al***, **Case No. 7:20-cv-02397-PMH; Plaintiff's letter for discovery conference seeking an order compelling Defendants to produce relevant documents and for a protective order preventing Defendants from deposing Michael Boateng.**

Dear Judge Halpern:

Plaintiff requests a discovery conference that would seek a ruling (1) compelling Defendants to produce the personnel records, timekeeping records, and payroll records for Opt-In Plaintiff Michael Boateng, and (2) preventing Defendants from deposing Mr. Boateng prior to a ruling on conditional certification.

**1.**      **Background**

Plaintiff Humberto Ramirez alleges Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law by failing to pay Plaintiff and the putative Class and Collective members for all hours worked. *See* Dkt. 32 at 19-21. Opt-In Boateng submitted his written consent to join the case on May 12, 2021. *See* Dkt. 64. Prior to Mr. Boateng opting-in to the case, Plaintiff served written discovery on Marriott requesting timekeeping records, payroll records, and the personnel file of any individuals who file an opt-in consent to join this case. *See* Exhibit 1 at Request for Production Nos. 5, 41, and 51. Thus far, aside from producing the contact information of 15 individuals who worked at RCW as in-room dining servers, Marriott has unilaterally limited its discovery responses to Named Plaintiff Ramirez only, and have otherwise prevented Plaintiff from conducting discovery for the putative Class or Collective members entirely on any scale.


On July 28th, Plaintiff submitted a letter requesting a pre-motion conference in anticipation of filing a Motion for Conditional Certification under the FLSA § 216(b). *See* Dkt. 76. Defendants have indicated they will respond to that letter by August 6, 2021. The documents requested are directly relevant to Plaintiff's anticipated Motion for Conditional Certification.

**2.     Defendants are not entitled to depose Boateng prior to a decision on conditional certification, and are holding responsive materials hostage unless Plaintiff is willing to allow such a premature deposition to move forward.**

Marriott has refused to produce Opt-in Boateng's employment records unless it extracts something disproportionate and unnecessary from Plaintiff in return: the ability to prematurely depose Mr. Boateng in his capacity as a party plaintiff in this case. Simply put, it would be premature to allow Defendants to depose opt-in members before the Court rules on conditional certification, because that inquiry is better left for the second "decertification" stage. The action proceeds as a "collective action throughout the discovery process" **<u>only after</u>** the Court grants conditional certification. *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012) (*citing Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)). In this regard, numerous courts have held such attempts to conduct discovery from opt-in plaintiffs as premature until after the conditional certification ruling. *See, e.g.*, *Randolph v. Centene Mgmt. Co.*, 2015 U.S. Dist. LEXIS 54168, at *6 (W.D. Wash. Apr. 24, 2015); *Hose v. Henry Indus., Inc.*, No. 13-2490-JTM, 2014 WL 2604104, at *2 (D. Kan. June 11, 2014); *Anderson v. Perdue Farms, Inc.*, No. 1:06-cv-01000-MEF-WC, 2007 WL 4554002, at *2 (M.D. Ala. Dec. 20, 2007). Indeed, if the Court denies conditional certification, then the opt-ins would be dismissed from this action without prejudice and any discovery of those individuals would be rendered wholly unnecessary.

Moreover, Defendants have no need for such deposition testimony for purposes of opposing conditional certification or to contest the merits of Plaintiff's claims at this stage, since

 Case 7-20-cv-02397-PMH  Case 7:20-cv-02397-PMH   Document 80   Document 78   Filed in NYSD on 07/29/2021   Filed 07/30/21   Page 3 of 7 Page 3 of 7

*Page 3 of 7*

evidence offered by Defendants in response is not germane to the lenient standard a plaintiff must meet to win such a preliminary motion. *See Randolph*, 2015 U.S. Dist. LEXIS 54168, at *6. "[F]ederal courts are in agreement that evidence from the employer is not germane at the first stage of the certification process, which is focused simply on whether notice should be disseminated to potential claimants." *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *4 (N.D. Cal. July 18, 2012). Indeed, "[c]ourts need not even consider evidence provided by defendants at this stage." *Luque v. AT&T Corp.*, No. C 09-05885 CRB, 2010 WL 4807088, at *3 (N.D. Cal. Nov. 19, 2010); *see also Coyle v. Flowers Foods Inc.*, 2016 U.S. Dist. LEXIS 116422, at *15 (D. Ariz. Aug. 29, 2016) ("In fact, the Court need not consider any of Defendants' evidence and declarations at this stage because they pertain to the second step of the two-step approach." (citation omitted)).

Courts in this district are in accord. "[A] court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated." *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (citing *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). "[T]he Court does not resolve factual disputes, decide substantive issues going to the merits, and does not make credibility determinations at the lenient first stage inquiry." *Lawrence v. NYC Med. Practice, P.C.*, No. 1:18-cv-8649-GHW, 2021 U.S. Dist. LEXIS 96763, at *8 (S.D.N.Y. May 20, 2021) (citing *Lynch*, 491 F. Supp. 2d at 368). Since the only potential reason for Defendants to depose Mr. Boateng is to raise credibility issues or resolve factual disputes, that information is simply not relevant at this pre-certification stage of the proceedings.

Nevertheless, despite having no valid reason to depose Opt-In Boateng at this stage, Defendants insist on conducting this unnecessary deposition, all while withholding the relevant

Case 7-20-cv-02397-PMH Document 80 Filed 07/30/21 Page 4 of 7
Case 7:20-cv-02397-PMH Document 78 Filed in NYSD on 04/29/2021 Page 4 of 7

*Page 4 of 7*

documents in their possession pertaining to Opt-In Boateng in clear violation of Rule 26(e)(1) and Rule 34. In an effort to compromise, Plaintiff was at first willing to permit a deposition in Mr. Boateng's limited capacity as a witness to Plaintiff Ramirez's claims, but Defendants unilaterally dictated that they would only produce Mr. Boateng's records if Plaintiff would permit an improper and premature deposition in Mr. Boateng's capacity as a party plaintiff as well. In essence, Defendants (who currently have unfettered access to all of Mr. Boateng's employment records) are preventing Plaintiff from conducting pre-certification discovery, while insisting Plaintiff submit to premature and disproportionate pre-certification discovery. Such chicanery up-ends Defendants' need to depose Mr. Boateng at all at this stage. Defendants' abusive discovery conduct must be addressed by compelling production of the requested documents, and preventing Opt-In Boateng's deposition until the second stage of the conditional certification inquiry, if necessary.

**3.     The requested documents are clearly relevant and discoverable, regardless of whether Defendants depose Opt-In Boateng.**

Regardless of Mr. Boateng's deposition, Plaintiff is entitled to these documents as they are directly relevant to whether Plaintiff, Opt-in Boateng, and the other putative Collective members are "similarly situated" under FLSA § 216(b). Mr. Boateng's timekeeping and payroll records will tend to show whether putative Collective members were subject to uniform practices to record their work time accurately and pay the appropriate wages for those recorded hours. The records will also show, like Mr. Ramirez's records show, whether Marriott has a common practice of paying workers less than the total time recorded on the timekeeping records. Likewise, the personnel file will tend to show whether Marriott implemented wage-and-hour policies at the New York Edition hotel similar to those implemented at the RCW.

Plaintiff's burden on conditional certification, though modest, easily entitles Plaintiff to this limited document production, regardless of whether Defendants are allowed to depose Opt-In


Boateng at a later time. Defendants already have unfettered and complete access to all of Opt-in Boateng's employment records, and Plaintiff should be afforded the same access to those documents for purposes of preparing his Motion for Conditional Certification. Defendants have put forth no valid basis to block access to these clearly discoverable materials. Plaintiff can only surmise that Defendants are doing so simply to frustrate Plaintiff's ability to move for conditional certification of a collective action under the FLSA § 216(b) in a timely manner.

**4.  The Court should prevent Defendants from deposing Mr. Boateng at this stage.**

Pursuant to Rule 26, the Court has broad discretion to prohibit a deposition and written discovery where good cause is shown. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, No. 14 Civ. 2590 (VM) (JCF), 2017 U.S. Dist. LEXIS 68386, at *5 (S.D.N.Y. Apr. 26, 2017) (The Federal Rules of Civil Procedure . . . provide a court with ample means for limiting even relevant deposition discovery under the proper circumstances"); *Ampong v. Costco Wholesale Corp.*, No. 1:21-cv-02049 (CM) (SDA), 2021 U.S. Dist. LEXIS 141140, at *4 (S.D.N.Y. July 27, 2021) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Here, as discussed above, Defendants have articulated no salient basis to depose Mr. Boateng prior to a ruling on conditional certification. Moreover, Defendants previously indicated their true intention to depose Mr. Boateng is purely to harass him. This is not the first time Defendants have sought discovery from Mr. Boateng. Shortly after he opted-in to the case, Defendants served Mr. Boateng with abusive written discovery requests, including such invasive and patently improper requests such as seeking Mr. Boateng's private income tax returns, as well as requesting production of all loan applications, resumes, emails, and job applications Mr. Boateng (a current Marriott employee) has sent to other companies. *See, e.g.,* Exhibit 2 at Request for Production Nos. 18 and 23. Defendants also unilaterally served Mr. Boateng with a deposition



Case 7:20-cv-02397-PMH Document 78 Filed in NYSD on 07/29/2021 Page 6 of 7

notice without attempting to ask for his availability. When Plaintiff pointed out that such discovery was premature and disproportionate, Defendants recognized the impropriety and withdrew the discovery requests. Defendants' "new" strategy consists of serving a deposition notice on Mr. Boateng in his capacity as a "percipient witness" to Plaintiff's individual claims. But these prior far-reaching discovery requests, in addition to Defendants' improper withholding of relevant discovery related to Mr. Boateng, indicate Defendants' true intention is simply to harass and bombard Mr. Boateng with far-reaching, disproportionate, and premature questions during his deposition, while delaying Plaintiff's ability to move for conditional certification.

"Where the relevance of the requested information is low, avoiding the harm that comes with the burden of overbroad discovery constitutes good cause for a protective order." *Cabell v. Zorro Prods., Inc*., 294 F.R.D. 604, 609 (W.D. Wash. 2013) (quotation omitted). Additionally, in determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. *Zyprexa Litig*., 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *Cabell*, 294 F.R.D. at 607. Because Defendants have no current need for this information prior to a ruling on conditional certification, and because Defendants are merely attempting to harass Mr. Boateng, the harm of allowing the deposition to move forward far outweighs any purported need.

**5.     Conclusion**

Plaintiff requests a conference seeking an order directing Marriott to produce the timekeeping, payroll, and personnel records for Opt-In Boateng within seven (7) days of such an order, and preclude Defendants from deposing Mr. Boateng until after a ruling on Plaintiff's anticipated Motion for Conditional Certification. Plaintiff further requests any such relief under Rule 37 to which he may be entitled to address Defendants' discovery conduct.

Case 7-20-cv-02397-PMH Document 78 Filed in NYSD on 04/29/2021 Page 7 of 7
Case 7:20-cv-02397-PMH Document 80 Filed 07/30/21 Page 7 of 7

*Page 7 of 7*




Sincerely,

*/s/ William M. Hogg*

William M. Hogg (*pro hac vice*)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560
Fax: (415) 421-7105
whogg@schneiderwallace.com

cc: All Counsel of Record (via ECF)