UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUMERTO RAMIREZ,<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>MARRIOTT INTERNATIONAL, INC., et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM OPINION<br>AND ORDER**<br><br>20-CV-02397 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Humberto Ramirez ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Marriott International, Inc. and The Ritz-Carlton Hotel Company, LLC (together, "Defendants"). Plaintiff alleges, *inter alia*, that Defendants have engaged, and continue to engage, in a practice of retaining proceeds from service and delivery fees charged to in-room dining customers in violation of New York Labor Law ("NYLL") § 196-d.

Plaintiff commenced this action on March 18, 2020. (Doc. 1). He filed his First Amended Complaint on April 17, 2020 (Doc. 8), and his Second Amended Complaint—the operative pleading—on July 9, 2020. (Doc. 32, "SAC"). On December 18, 2020, Defendants moved to partially dismiss the SAC. Specifically, Defendants moved to dismiss Plaintiff's Fourth Claim for Relief under NYLL § 196-d. (Doc. 43; Doc. 44, "Defs. Br."; Doc. 45, "Peter Decl."; Doc. 45-1, "Peter Decl., Ex. A"; Doc. 45-2, "Peter Decl. Ex. B"; Doc. 46, "Dangler Decl."; Doc. 46-1, "Dangler Decl., Ex. A"). Because the motion was "bundled," Plaintiff's opposition and Defendants' reply brief were also filed on December 18, 2020. (Doc. 42, "Pl. Opp."; Doc. 47, "Defs. Reply"). For the following reasons, Defendants' partial motion to dismiss is DENIED.

## BACKGROUND

Defendants operate a chain of hotels, restaurants, and resorts throughout the United States. (SAC ¶ 33). This includes the Ritz-Carlton, Westchester ("RCW"), located in White Plains, New York. (*Id*.). Plaintiff was employed by Defendants as an in-room dining server at RCW from 2015 through November 2019. (*Id*. ¶¶ 9, 34). Plaintiff received an hourly wage of $8.40 and worked more than forty hours every week. (*Id*. ¶ 34).

Defendants add a surcharge of 18%—characterized as a service fee—to food and beverage bills for in-room dining services. (*Id*. ¶ 35). In addition to the service fee, in-room dining customers are also charged a $5.00 delivery fee. (*Id*.). Plaintiff alleges that "it is reasonable for [Defendants'] customers to believe" that the service and delivery fees "are gratuities to be paid in their entirety to the service staff." (*Id*. ¶ 36). Plaintiff alleges, however, that Defendants "do not remit the total proceeds of these" service and delivery fees "to the non-managerial employees who serve the food and beverages." (*Id*. ¶ 37). According to Plaintiff, Defendants allegedly "have a policy and practice of retaining a portion of those" service and delivery fees "and/or using a portion of the" service and delivery fees "to pay non-service workers." (*Id*.). Consequently, Plaintiff and putative class and collective members have not received the total proceeds to which Plaintiff alleges they are entitled under NYLL § 196-d. (*Id*.).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

I. Documents a Court May Consider on a Motion to Dismiss

On a Rule 12(b)(6) motion, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *see also Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider . . . documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Still, "[w]here an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect,

3

which renders the document integral to the complaint." *Schafer v. Direct Energy Servs., LLC*, No. 20-3084-CV, 2021 WL 1621595, at *1 (2d Cir. Apr. 27, 2021) (internal quotation marks omitted).

Here, Plaintiff did not annex any documents to the SAC. Defendants, however, filed two declarations in support of their partial motion to dismiss: the declarations of Sibin Varghese Peter and James Dangler. (*See* Peter Decl.; Dangler Decl.). The Peter Declaration annexes two documents as exhibits: samples of in-room dining guest receipts from 2016 to September 2020 (Exhibit A); and samples of in-room dining staff weekly pay reports (Exhibit B). (Peter Decl., Ex. A; Peter Decl., Ex. B). The Dangler Declaration annexes one document as an exhibit: samples of in-room dining menus from 2014 to September 2020. (Dangler Decl., Ex. A). Defendants contend that the Court may consider these exhibits because the SAC "relies heavily" upon them, thereby rendering them "integral." (Defs. Reply at 7). The Court does not entirely agree.

Neither of the exhibits annexed to the Peter Declaration is appropriate for the Court to consider on a motion to dismiss. The sampling of in-room dining guest receipts contained in Exhibit A is in no way integral to the SAC, nor does the SAC incorporate or rely upon the information contained in those receipts. (Peter Decl., Ex. A). The same goes for the sampling of in-room dining weekly pay reports contained in Exhibit B. (Peter Decl., Ex. B). Even assuming the documents were considered, neither makes less plausible Plaintiff's allegations that he (and others) did not receive payment of the service fees.

Exhibit A of the Dangler Declaration is a different story. The menu samples contained therein include disclosure language regarding the 18% service fee and $5.00 delivery fee— language that is integral to and referenced frequently in the SAC. (Dangler Decl., Ex. A). Accordingly, the Court may consider Exhibit A of the Dangler Declaration for the purpose of adjudicating this motion. It is worth noting, however, that regardless of whether the Court *may*

consider Exhibit A of the Dangler Declaration, the Court need not, and does not, consider such documentary evidence in resolving this motion because consideration of that document does not dispose of this claim for relief.

II.     Plaintiff's Fourth Claim for Relief (NYLL § 196-d)

Plaintiff's Fourth Claim for Relief asserts that customers reasonably understood the service and delivery fees associated with in-room dining to be gratuities, and therefore, Defendants violated NYLL § 196-d by failing to remit the entirety of the proceeds generated by such service and delivery fees to Plaintiff and other in-room dining staff. (SAC ¶¶ 35-37, 103-15).

NYLL § 196-d states, in relevant part:

> No employer . . . or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. . . . Nothing in this subdivision shall be construed as affecting . . . practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee.

Defendants, in moving to dismiss this claim, contend that, due to "prominent disclaimers" on in-room dining menus, customers were notified "about the nature and distribution of" the 18% service fee and $5.00 delivery fee, and therefore could have only reasonably believed that the service fees—and not the delivery fees—were gratuities to be distributed to service staff. (Defs. Br. at 8). Indeed, the disclaimers state that "the hotel retains all delivery fees," which are charged for "administrative and other costs." (*Id.*). The disclaimers also state: "No other charges are purported or intended to be a gratuity for the service staff and no other charge will be distributed to the service staff as a gratuity"—raising the question of which "charges" are intended to be a gratuity. (Defs. Br. at 4). Defendants' argument, however, misses the mark.

5

For purposes of this motion, the issue is not whether Defendants provided sufficient notice to customers regarding "the nature and distribution" of the service and delivery fees, such that those customers would reasonably be able to distinguish that only the service fees associated with in-room dining constituted a gratuity. (*Id*.). Rather, the relevant issue is whether Plaintiff sufficiently alleged that Defendants did not remit the entirety of the *service fees*—which Defendants do not dispute are "gratuities" under NYLL § 196-d[1]—to Plaintiff and other in-room dining staff. (*See* SAC ¶ 107 ("Defendants . . . do not remit the entire *service fee* proceeds to Plaintiff and Class members" (emphasis added)); *see also id*. ¶ 37 ("Defendants do not remit the total proceeds of these *service fees* to the non-managerial employees who serve the food and beverages." (emphasis added))). Accordingly, Defendants' notice argument elides the true dispute, and ultimately fails to provide a basis for the Court to conclude that Plaintiff's allegations are insufficient at this stage.

To Defendants' credit, however, their reply brief more directly addresses Plaintiff's allegations by asserting that Plaintiff fails to "identify a single day or week in which he did not receive the full portion of the 18% service charge to which he was entitled." (Defs. Reply at 2). While this rejoinder may prove worthy at a later stage in this litigation, it ultimately creates a material factual dispute that would benefit from further factual development and discovery. Therefore, the Court cannot grant Defendants' motion on this basis either. *See Henry Avocado Corp. v. Z.J.D. Brother, LLC*, No. 17-CV-04559, 2017 WL 6501864, at *6 (E.D.N.Y. Dec. 19, 2017) ("[R]esolving factual disputes is precisely what this Court cannot do on a motion to dismiss.").

---

[1] The disclaimer on the in-room dining menus states: "Added to all orders is an 18% service charge which will be distributed to servers and/or order takers . . . ." (Defs. Br. at 4; *see also* Dangler Decl., Ex. A). Plaintiff argues, and the Court agrees, that this disclaimer plausibly supports the notion that the 18% service fee "was meant to be a gratuity." (Pl. Opp. at 11).

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss Plaintiff's Fourth Claim for Relief is DENIED. Defendants are directed to file their Answers within fourteen (14) days of the date of this Memorandum Opinion and Order.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 43.

**SO ORDERED:**

Dated: White Plains, New York
       September 13, 2021

_____
Philip M. Halpern
United States District Judge