UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HUMBERTO RAMIREZ,
                     Plaintiff,

v.

MARRIOTT INTERNATION, INC., et al.,

                     Defendants.
------------------------------------------------------------X

**ORDER**

20-cv-02397-PMH

PHILIP M. HALPERN, United States District Judge:

      The Court has reviewed the parties' submissions in support of their motion for approval of the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and denies the motion without prejudice.

      First, § 4.1 of the proposed settlement agreement contains an improperly broad release of claims: "[Plaintiffs] fully release and discharge Defendants . . . from all Released Class Claims . . . *as well as any other claim of any kind* under federal, state, or local law or common law, both known and unknown, based on any events that took place from the beginning of time through the Final Effective Date . . . ." (emphasis added). *See e.g., Bondi v. DeFalco*, No. 17-CV-05681, 2020 WL 24676006, at *5 (S.D.N.Y. May 13, 2020) (collecting cases and holding that "any release provision [in an FLSA settlement] must be limited to the claims at issue in th[e] action").

      Second, § 5.4 of the proposed settlement agreement contains an improper restriction on Plaintiffs' ability to discuss the litigation: "If asked, Plaintiff Ramirez and Opt-in Boateng may state only that this matter has been amicably resolved." *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (holding that an FLSA settlement must allow plaintiffs to "openly discussing [their] experience[] litigating . . . [a] wage-and-hour case.").

Third, the Court will, in accordance with § 3.4(B) of the proposed settlement agreement, consider Plaintiffs' counsel's application for attorneys' fees separately from any substitute motion for approval of the settlement. Plaintiffs' counsel shall supplement its application for attorneys' fees with: (i) additional authority in support of its position that an award approximating 66% of the total class recovery generated by 41 separate timekeepers is appropriate in this FLSA case; and (ii) all factual information necessary to support its lodestar calculation – including, *inter alia*, detailed time entries for each timekeeper, summaries thereof by task, information about the skill and experience of each timekeeper, and counsel's retainer agreement for the case. Plaintiffs' counsel is encouraged to review this Court's recent opinion in *Gonzalez v. Fresh Start Painting Corp.*, No. 18-CV-11124, 2022 WL 3701096 (S.D.N.Y. Aug. 26, 2022).

For the foregoing reasons, the parties' joint motion to approve the settlement is DENIED WITHOUT PREJUDICE.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 131.

**SO ORDERED:**

Dated: White Plains, New York
       September 8, 2022

_____
Philip M. Halpern
United States District Judge