# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUMBERTO RAMIREZ, Individually and
On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

MARRIOTT INTERNATIONAL, INC.
and THE RITZ-CARLTON HOTEL
COMPANY, LLC,

        Defendants.

Civil Action No. 7:20-cv-02397-PMH

## ADDENDUM A TO SETTLEMENT AGREEMENT AND RELEASE

This Addendum A to the Settlement Agreement and Release (the "Agreement") is entered into by and between, on the one hand, Plaintiff Humberto Ramirez ("Plaintiff Ramirez"), individually, and on behalf of the Settlement Class (collectively "Settlement Class"), as well as Opt-in Plaintiff Michael Boateng ("Opt-in Boateng"), and, on the other, Marriott International, Inc. ("Marriott") and The Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton") (Marriott and Ritz-Carlton, collectively, "Defendants"). Plaintiff, Opt-in Boateng, and Defendants are collectively referred to herein as the "Parties."

By way of this Addendum, the Parties seek to revise Section 1.38 of the Agreement, which currently states that the Parties have identified Rust Consulting as the Settlement Claims Administrator. The Parties now instead identify ILYM Group, Inc. as the Settlement Claims Administrator. All duties and responsibilities of the Settlement Claims Administrator dictated by the Agreement remain unchanged. Attached as Exhibit A, the Parties also amend the Notice attached as Exhibit A to the Agreement, to reflect this change.

By way of this Addendum, the Parties also seek to revise Section 5.4 of the Agreement pursuant to the Court's instruction. *See* Court Order at Dkt. No. 134. The Parties agree that the sentence that states: "If asked, the Plaintiff Ramirez and Opt-in Boateng may state only that this matter has been amicably resolved" shall be removed and deleted from Section 5.4 of the Agreement.

*[signatures on next page]*

1

## WE AGREE TO THE TERMS SET FORTH ABOVE

_____  
**Humberto Ramirez**

Date: 09 / 20 / 2022

_____  
**Michael Boateng**

Date: 09 / 19 / 2022

**Marriott International, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**The Ritz-Carlton Hotel Company, LLC**

By: _____

Name: _____

Title: _____

Date: _____

*Approved as to Form:*

**Schneider Wallace Cottrell Konecky, LLP**

By: _____  
Carolyn H. Cottrell, Esq.

Dated: 9/20/2022

**Morgan, Lewis & Bockius LLP**

By: _____  
Christopher A. Parlo, Esq.

Dated: _____

2

**WE AGREE TO THE TERMS SET FORTH ABOVE**

                                                            Marriott International, Inc.

**Humberto Ramirez**

By: _[signature]_
Name: Katherine Y. K. Cheung
Title: Vice President + Senior Counsel

Date: _____
Date: 9/19/22

**Michael Boateng**

                                                            The Ritz-Carlton Hotel Company, LLC

By: _[signature]_
Name: Katherine Y. K. Cheung
Title: Vice President + Senior Counsel

Date: _____
Date: 9/19/22

*Approved as to Form:*

**Schneider Wallace Cottrell Konecky, LLP**

By: _____
       Carolyn H. Cottrell, Esq.

Dated: _____

**Morgan, Lewis & Bockius LLP**

By: _[signature]_
       Christopher A. Parlo, Esq.

Dated: 9/20/2022

2

EXHIBIT A

## NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT

*RAMIREZ V. MARRIOTT INTERNATIONAL, INC., et al.,*
**United States District Court, Southern District Of New York**
**Civil Action No. 7:20-CV-02397-PMH-PED**

*The United States District Court, Southern District of New York authorized this notice. This is not a solicitation from a lawyer. This is not a lawsuit against you, and you are not being sued. However, your legal rights are affected whether you act or do not act.*

You are receiving this notice to inform you that you are eligible to participate in a Settlement reached in the above-referenced Action if you are or have been employed by Defendants Marriott International, Inc. or The Ritz-Carlton Hotel Company, LLC and performed work at the location commonly and formerly known as The Ritz-Carlton New York, Westchester (the "RCW") as an hourly non-exempt in-room dining ("IRD") worker (including, but not limited to, Server-PM-In Room Dining ("IRD Servers"), Attendant-Bellstand-PM ("Bellmen"), Agent-Communications ("PBX" or "Order-takers") (collectively, "IRD Servers")), at any time between March 18, 2014 through [DATE of Full Execution of Agreement]. The Settlement Class does not include maintenance workers, corporate officers, salespersons, cooks, food preparers, chefs, dishwashers, directors, clerical staff, office workers, or any other person whose trade, classification, or profession does not customarily receive gratuities, unless an individual primarily holding those roles also performed work as an IRD Server at the RCW at any point during the Settlement Period.

Based on information in Defendants' records, you may be a class member who may be entitled to participate in the settlement of this class and collective action (the "Litigation" or "Action"). A settlement has been reached in this Action (the "Settlement"). This notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") from the Settlement, or object to the Settlement. If you object to the Settlement, you cannot opt out of the Settlement, and you will be bound by the terms of Settlement in the event the Court denies your objection. **Please read this notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A SETTLEMENT PAYMENT** | If you are a Class Member as described above and you wish to participate in this settlement you do not have to do anything. Unless you opt-out as described in Section 9 below, you will automatically become a Participating Class Member and you will receive your Settlement check. |
| | If you do nothing and receive a Settlement check, but choose not to cash your check, you will still be bound by the release of the state law claims as described in Section 15 below. You will, however, retain any right you have to bring any timely claims under federal law. If you choose to cash the check, you release both the state and federal claims, as described in Section 15 below. |

| | |
|---|---|
| **IF YOU WANT TO OBJECT TO THE SETTLEMENT** | If you do not opt-out of the Settlement (explained below), you may write to the Court about why you believe the Settlement is unfair or unreasonable. If the Court rejects your objection and you cash a Settlement Check, you will still be bound by the terms of the Settlement. If the Court rejects your objection and you do not cash a Settlement Check, you will still be bound by the release of the state law claims as described in Section 15 below. If you object, you may ask to appear before the Court to express your concerns about the fairness of the Settlement. Procedures for objecting are described in Section 8 below. If you opt-out of this Action, as described in Section 9 below, you may not object and will not be bound by the Settlement. |
| **IF YOU WANT TO EXCLUDE YOURSELF (OPT OUT) FROM THE SETTLEMENT** | If you wish to exclude yourself ("opt-out") from the Settlement and not receive a payment, you must follow the directions outlined in Section 9 below. |

## 1. What is this lawsuit about?

This lawsuit alleges that Marriott International, Inc. and The Ritz-Carlton Hotel Company, LLC ("Defendants") failed to (1) pay overtime wages as required under the Fair Labor Standards Act ("FLSA"); (2) pay compensation for "off-the-clock" work as required by New York Labor Law; (3) compensate for the additional wages required by the New York spread-of-wages law; (4) remit all service fee surcharges; (5) compensate for all hours worked; (6) remit the entirety of the service fee surcharges to IRD Servers and were, thus, unjustly enriched; (7) provide accurate, itemized wage statements; and (8) provide accurate and proper written wage notices. The claims were brought on behalf of IRD Servers, at any time between March 18, 2014 through [DATE]. The Plaintiff in the Action, Humberto Ramirez ("Plaintiff Ramirez"), for himself and others whom he claims are similarly situated, seeks to recover allegedly unpaid gratuities and wages, as well as interest, attorneys' fees, costs, and other relief.

Defendants vigorously deny that they violated any law, rule, or regulation or that they owe any service charges, gratuities, minimum wage, overtime, or wages of any kind, or failed to provide wage notices and/or statements, to any current or former employee of Defendants who worked at the RCW during the relevant period. Defendants deny any liability and maintain that they have consistently acted in accordance with all governing laws at all times. Defendants also deny that class or collective treatment is appropriate for the claims in this Action.

This Action is presently before the Honorable Judge Philip M. Halpern, of the United States District Court, Southern District of New York. Judge Halpern has not made any decision on the merits of Plaintiff Ramirez's claims in the Action or whether the case, in the absence of this Settlement, may proceed on a class and/or collective basis.

2

### 2. Why did I receive this notice?

You have received this notice because the records of Defendants show or suggest that you performed in-room dining service work for or on Defendants' behalf between March 18, 2014 and [DATE] at the location commonly known as the RCW and in such trades, classifications, and professions that customarily receive gratuities, including, but not limited to, IRD Server (among other positions).

### 3. What is a class action and who brought this lawsuit?

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people. These people are called class members ("Class Members"). In a class action, one court resolves the issues for all Class Members who do not opt-out of the Action.

This lawsuit was brought by the Plaintiff Ramirez, and an additional individual ("Opt-in Plaintiff") filed a form consenting to join the Action. These individuals took a lead role in this Litigation and provided substantial assistance in its resolution. In addition to their allocated shares as described in response to Section 6 below, they will receive an additional collective sum of Twelve Thousand Five Hundred Dollars ($12,500) for their time and efforts in bringing and/or participating in this Action and achieving this Settlement on behalf of themselves and the Class.

### 4. Why is there a settlement?

The attorneys representing the Class Members ("Class Counsel") have intensively analyzed and evaluated the merits of the claims in this Action. Class Counsel, Plaintiff Ramirez, and Opt-in Plaintiff have entered into this Settlement based upon an analysis and evaluation of the relevant data, applicable law, the potential for an adverse ruling that might severely limit or terminate the ability of Class Members to recover for any alleged unpaid gratuities and wages, and the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever or might result in a recovery that is less favorable and would not occur for several years. Class Counsel, Plaintiff Ramirez, and Opt-in Plaintiff are satisfied that the terms and conditions of this Settlement are fair, reasonable, and adequate and that this Settlement is in the best interest of the Class Members.

Defendants deny the allegations in the Litigation and deny that they owe any workers any wages, gratuities, or other compensation. However, to avoid the burden, expense, inconvenience, and uncertainty of continued litigation, Defendants have concluded that it is in their best interests to resolve and settle the lawsuit, without admitting any wrongdoing or liability.

### 5. What does the Settlement provide?

Pursuant to the terms of the Agreement, Defendants have agreed to pay a Gross Settlement Fund to cover all potential claims, costs, fees, and service awards, not to exceed the aggregate sum of Four Hundred Forty-Five Thousand Dollars and Zero Cents ($445,000.00), to settle the Litigation. In addition to settlement payments, the money in the Gross Settlement Fund will be used to satisfy all monetary obligations of the Settlement, including to pay for claims administration fees and

costs, Service Awards to the Plaintiff Ramirez and the Opt-in Plaintiff, and Class Counsel's Fees, Costs, and Expenses. The complete terms and conditions of the Settlement may be obtained by reviewing the Settlement Agreement on the Court's docket at https://pacer.uscourts.gov/ (Dkt. No. ▇).

### 6. How much is my settlement payment?

Your settlement payment, assuming the Settlement Agreement is approved by the Court and you do not validly and timely opt-out, will ultimately be based on a pro rata basis on the number of hours you worked or the wages you earned for or on behalf of Defendants as IRD Server at the RCW during the period between March 18, 2014 and [DATE]. No Participating Class Member shall receive less than Fifty Dollars ($50.00). For additional details, please refer to the Agreement that was filed with the Court.

Settlement checks to Participating Class Members will be deemed 50% wage income for which you will receive a IRS Form W-2 and shall be reduced by any regular and ordinary payroll tax deductions that need to be withheld, with the remaining 50% of any settlement payment to you being deemed miscellaneous income for which you will receive a IRS Form 1099.

If you participate in the Settlement, you will have 180 days to cash the settlement check. If at the conclusion of the 180-day check void period, there are any uncashed checks, those monies will be allocated first to pay claims to individuals who should have been, but were not, included in the Class List or whose dates of employment as IRD Servers at the RCW or other data was incorrect. After the first allocation, any unclaimed monies may then be used to reimburse Defendants for their payment of the employer portion of the Employment Taxes. Finally, any remaining unclaimed monies shall then be provided as *cy pres* to Children's Miracle Network Hospitals.

### 7. How can I participate in the Settlement?

If you are a Class Member and you do not timely and validly opt-out, you will automatically become a Participating Class Member and you will receive your prorated Settlement Award. The Settlement Administrator will not make your payment until the Settlement is fully and finally approved by the Court and the deadline to opt-out has passed.

### 8. How do I object to the Settlement?

If you do not opt-out of the Settlement, you may object to the Settlement if you do not like any part of it. The objection must be in writing and must include all reasons for your objection, and any supporting documentation. You must also include your name, address and telephone number. The Court may consider your views. If you wish to appear before the Court to be heard, you must specifically request an opportunity to do so in your objection letter. It is in the Court's discretion whether to schedule a hearing and allow the Objector or Objector's counsel to appear and/or speak at the hearing. If the Court rejects your objection, you will still be bound by the terms of the Settlement.

To validly object, your objection must be mailed to the Settlement Administrator (**ADMINISTRATOR TO INSERT CONTACT INFORMATION**) via U.S. First Class Mail, postage pre-paid, and postmarked by the United States Postal Service on or before on or before **[ADMINISTRATOR TO INSERT OBJECTION DEADLINE]**.

The Settlement Administrator will share your objection with Class Counsel and Defendants' counsel and your objection will be filed with the Court. You will be contacted by the Settlement Administrator with the date, time and location of any Court hearing, should the Court wish to schedule one. You may not object to the Settlement if you submit a letter requesting to exclude yourself or "opt-out" of the Settlement, because by doing so you are no longer a part of the case.

### 9. How do I exclude myself (opt-out) of the Settlement?

If you do not wish to participate in this Settlement, and/or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues asserted in this case, or which could have been brought in this case, then you must take steps to exclude yourself from this Settlement.

To exclude yourself, you must mail via U.S. First Class Mail, postage prepaid, a written, signed statement to the Settlement Administrator (**ADMINISTRATOR TO INSERT CONTACT INFORMATION**) that states your name, address, and telephone number, and that you are opting out of the Settlement, for example, "I opt-out of the Ramirez v. Marriott International, Inc., et al. Action and Settlement" or words to that effect, which clearly express your desire to exclude yourself from this Settlement and this case. You must include your name, address, and telephone number in the statement ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator on or before **[ADMINISTRATOR TO INSERT OPT OUT DEADLINE]**.

### 10. What's the difference between objecting and excluding yourself (opting-out)?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement ("opting-out") is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you send an objection, it is not necessary for you to come to Court to discuss it, but you may do so at your own expense or pay your own lawyer to attend should a hearing be scheduled. If you postmarked, faxed, or emailed your written objection on time, the Court may consider it. You will be notified by the Settlement Administrator or Class Counsel of the date and location of the court appearance, should the Court schedule a hearing.

### 11. What happens if I do not participate (I choose to opt-out) of the Settlement?

If you choose not to participate in (opt-out of) the Settlement, then you will not receive any money from this Settlement and will retain your right to sue Defendants as to the claims alleged, or that could have been alleged, in this Action. To obtain a payment, you must not opt-out.

5

If you do not opt-out but do not cash a Settlement check, you will still release any New York state law claims for any relief sought in, or which could have been sought in, this Action and you will not be able to sue Defendants on your own for such state claims. You will, however, retain any right you have to bring any timely claims under federal law.

## 12. Can Defendants retaliate against me for participating in this Action?

No. Your decision whether or not to participate in this Action will in no way affect your work or employment with Defendants or future work or employment with Defendants. It is unlawful for Defendants to take any adverse action against you as a result of your participation in this Action.

## 13. Do I have a lawyer in this case?

Yes. The law firm of Schneider Wallace Cottrell Konecky, LLP, 2000 Powell Street, Suite 1400, Emeryville, California, 94608, Telephone: (415) 421-7100, has been designated by the Court as Class Counsel to represent you and the other Class Members. You may contact Class Counsel with any inquiry related to this Action free of charge. Their fees are being paid from the Gross Settlement Amount as described above. If you wish to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel has asked, and the Court has approved, payment in the amount of $295,000.00 for fees and costs. The requested fees pay Class Counsel for all the work that they have performed and will continue to perform in this Action, including, but not limited to, filing the Complaints, engaging in discovery, investigating the facts, drafting motion applications and defenses, attending court conferences, participating in mediation, and negotiating and overseeing the Settlement.

## 15. What is the legal effect of the Settlement?

In exchange for the Settlement payment made by Defendants in accordance with the Agreement, this Litigation will be dismissed with prejudice.

If you cash a Settlement check within 180 days of its mailing, then you will fully release and discharge Defendants and/or any of the Releasees, as defined in the Agreement, from any and all claims that were brought or could have been brought under the FLSA or New York State law (including without limitation the New York Labor Law, the Hospitality Wage Order, and/or common law) based on or arising out of the factual predicates and/or allegations in the Complaint against Defendants and/or any of the Releasees in connection with work you performed in in-room dining or banquets at the RCW based on or arising under the FLSA or New York State law, including without limitation, the New York Labor Law, the Hospitality Wage Order, and/or common law, whether known or unknown, for wages (including, but not limited to, minimum wages and overtime), gratuities, deductions, service charges, administrative charges, tips, interest on such claims, penalties, damages, liquidated damages, attorney's fees, expenses, disbursements, litigation costs and fees, restitution, or equitable relief, and all other claims that were or could have been asserted in the Action that arise from a common nucleus of operative facts and circumstances

under federal, state and local wage and hour laws, rules and regulations to the extent permitted by law, based on events that took place from March 18, 2014 through [DATE].

All Participating Class Members who do not timely cash their Settlement Check by the Check Cashing Deadline will fully release and discharge Defendants and/or any of the Releasees, as defined in the Agreement, from: any and all non-FLSA wage and hour claims that were or could have been asserted in the Action in connection with work performed in in-room dining or banquets at the RCW for Defendants that arise from a common nucleus of operative facts and circumstances based on events that took place from March 18, 2014 through [DATE].

### 16. When will the Court decide whether to approve the Settlement?

The Court has approved the Settlement, concluding that the Settlement is fair, adequate, and reasonable and that the distribution of the Settlement amount is fair, adequate, and reasonable. The Settlement will go into effect unless the Court believes there are unresolved issues (including any based on any objections) and does not allow the parties to finalize the Settlement process or if the Settlement is terminated or otherwise becomes unenforceable.

### 17. Are there more details about the Settlement? What if I have any questions?

This notice summarizes the Settlement. However, more details are in the Agreement, which is publicly available and may be reviewed on the Court's docket at https://pacer.uscourts.gov/ (Dkt. No. ___). You may also contact the Settlement Administrator (**ADMINISTRATOR TO INSERT CONTACT INFORMATION**).

### 18. What if my name or address changes?

If your name, mailing address and/or telephone number changes after you receive this Notice, you must notify the Settlement Administrator immediately. If you do not correct your address, any potential settlement check may be mailed to the address that is on file for you. Therefore, it is your duty to keep an updated address on file. The contact information for the Settlement Administrator is listed in Sections 8 and 9.