UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUMBERTO RAMIREZ,

                             Plaintiff,

-against-

MARRIOTT INTERNATIONAL INC., et al.,

                            Defendants.

**ORDER**

20-CV-02397 (PMH)

PHILIP M. HALPERN, United States District Judge:

**WHEREAS**, Plaintiff Humberto Ramirez ("Ramirez") filed a Second Amended Complaint on July 9, 2020 as Class Representative (Doc. 32), alleging that Defendants violated, *inter alia*, the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs overtime wages and compensation (Doc. 32);

**WHEREAS**, Plaintiff Michael Boateng ("Boateng") filed a corrected consent to join the lawsuit as an opt-in Plaintiff on May 25, 2021 (Doc. 66);

**WHEREAS**, the parties filed on May 27 2022, a letter informing the Court that a settlement in principal had been reached to fully resolve all claims in the action (Doc. 124);

**WHEREAS**, the parties filed on September 1, 2022, a joint motion seeking approval of a proposed settlement agreement governing Plaintiffs' FLSA claims (Doc. 133; Doc. 133-1);

**WHEREAS**, the proposed settlement agreement filed on September 1, 2022 contained provisions at § 4.1 and § 5.4 that the Court declined to approve, the Court denied the parties' motion without prejudice on September 8, 2022 (Doc. 134);

**WHEREAS**, the Court ordered that, pursuant to § 3.4(B) of the parties' proposed settlement agreement, it would consider Plaintiffs' counsel's application for attorneys' fees separately from any substitute motion for approval of the settlement (*Id.* at 2);

**WHEREAS**, the parties filed a substitute joint motion seeking approval of the proposed settlement agreement on October 21, 2022 (Doc. 135);

**WHEREAS**, the parties' substitute motion and proposed addendum to the settlement agreement alleviated the Court's concerns with respect to the provisions at § 4.1 and § 5.4 (*Id.*, Doc. 135-2);

**WHEREAS**, the Court remains intent upon, pursuant to § 3.4(B) of the parties' proposed settlement agreement, considering Plaintiff's counsel's application for attorney's fees separately;

**WHEREAS**, having reviewed the proposed settlement agreement as corrected by the parties' proposed Addendum (together, the "Proposed FLSA Settlement Agreement") (Doc. 135-1, Doc. 135-2) and related submissions, the Court finds, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), that the Proposed FLSA Settlement Agreement, except to the extent it relates to attorneys' fees, is fair and reasonable;

**WHEREAS**, Plaintiff's counsel's application for attorneys' fees is *sub judice*;

**IT IS HEREBY ORDERED** that the request to approve the Proposed FLSA Settlement Agreement, except to the extent is relates to attorneys' fees, is GRANTED.

Dated: White Plains, New York
November 1, 2022

SO ORDERED:

_____
PHILIP M. HALPERN
United States District Judge