SCHNEIDER WALLACE COTTRELL KONECKY LLP

November 15, 2022

**Via ECF**
The Honorable Philip M. Halpern
United States District Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

Re: ***Ramirez v. Marriott International, Inc., et al,*** **Case No. 7:20-cv-02397-PMH**
**Plaintiff's Unopposed Letter Motion to File Redacted Retainer Agreement**

Dear Judge Halpern:

On August 26, 2022, the parties filed a joint letter motion for approval of their proposed settlement agreement. Dkt. Nos. 131–33. The Court denied the motion without prejudice on September 8, 2022, directing Plaintiff's counsel to, among other things, supplement its application for attorneys' fees with its retainer agreement for the case ("Retainer Agreement") and with detailed time entries for each timekeeper who worked on the case. Dkt. No. 134, p. 2. Plaintiff supplemented its filing and filed a letter motion to file the billing records and Retainer Agreement under seal. The Court granted in part such application on November 2, 2022 (Dkt. No. 139). The Court denied Plaintiff's request to file the entirety of his Retainer Agreement with counsel under seal, but directed Plaintiff that, to the extent he seeks "to redact privileged information relating to litigation strategy from his retainer agreement, he may submit an application to do so in accordance with the S.D.N.Y. Local Rules and the Court's Individual Practices."

Pursuant to the United States District Court for the Southern District of New York's Electronic Case Filing Rules & Instructions § 6.1 and your honor's Individual Practices § 5, Plaintiff respectfully requests leave to file the Retainer Agreement, with certain provisions related to litigation strategy redacted. Defendant does not oppose this letter motion as Plaintiff's counsel previously met and conferred with Defendant's counsel regarding filing the entire document under seal and Defendant had no objections.

The redacted Retainer Agreement is attached as **Exhibit A** to the Declaration of Ori Edelstein. The Court should allow such redactions as they conceal litigation strategy which has no bearing on the public's assessment of the Court's exercise of power, because they contain attorney work product, and because they contain privileged attorney-client communication.

**A. The Retainer Agreement contains sensitive personal information and does little to aid the public's assessment of the judicial function**

The public is entitled to a common-law presumption of access to court documents. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). In determining whether to ultimately allow such access, however, courts weigh "competing considerations," including "the privacy interests of those resisting disclosure," the "sensitivity of the information" and the potential for misuse of the information if disclosed. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir.





1995). The Court has wide discretion to use its "supervisory power" to deny access to "sensitive personally identifying information contained in court documents." *See Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 232 (2d Cir. 2019) (listing examples of divergent scenarios in which courts used supervisory power to limit access to information).

Here, Plaintiff's privacy interests weigh in favor of redacting the Retainer Agreement, and the public has no countervailing interest in the disclosure Plaintiff's contact information. Unlike the proposed settlement agreement—which Plaintiff acknowledges should be accessible to the public—Plaintiff's contact information has "no direct bearing upon the public's assessment" of the Court's approval of the proposed settlement in this action. *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013). The Retainer Agreement is but one of many exhibits to the parties' motion for settlement approval and is only relevant to Plaintiff's counsel's application for attorneys' fees. Moreover, even its relevance there is tenuous; exhibits showing Plaintiff's counsel's lodestar calculation, for example, are much more relevant to the Court's assessment of Plaintiff's counsel's application. *See, e.g., Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 220-21 (S.D.N.Y. 2015).

On the other side of the scale, Plaintiff's identifying information which Plaintiff's counsel seeks to redact, are exactly the kind of "highly personal" information that "may overcome the presumption of public access." *Kravetz*, 706 F.3d at 62. Under *Amodeo*, the potential for a member of the public to use this sensitive information to "gratify private spite" or otherwise harm Plaintiff must be considered. *Amodeo*, 71 F.3d at 1051 (internal quotation marks omitted). Here, those competing considerations outweigh the values underlying the presumption of access. Because the contents of redacted portions of the Retainer Agreement are of negligible relevance to the public's ability to monitor the judicial power and include sensitive information susceptible to misuse, the Court should allow Plaintiff to file the redacted version of the Retainer Agreement.

**B. Disclosure of the unredacted Retainer Agreement would expose litigation strategy, including attorney work product, and violate the attorney-client privilege**

Although some courts may not consider retainer agreements or fee agreements privileged, courts do not make such determinations simply based on their labels as "retainer agreements" or "fee agreements." Instead, courts will review documents on a case-by-case basis to determine whether they contain privileged information. *See Stopka v. Am. Family Mut. Ins. Co*., 816 F. Supp. 2d 516, 532-33 (N.D. Ill. 2011). As the Court here noted in its Order at Dkt. 139, "retainer agreements containing fee and other client information are not considered privileged 'in the absence of special circumstances' because 'they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'" *Doe v Sarah Lawrence Coll*., 2021 US Dist LEXIS 10499, *19 (S.D.N.Y. Jan. 20, 2021). However, the circumstances here do necessitate the requested redactions.

Here, the Retainer Agreement contains litigation strategies, including legal advice and attorney impressions. As such, it goes beyond "client identity and fee information" and presents "special circumstances" warranting protection. *See Richards v. Cordis Corp.*, No. 5:17-cv-178 (BKS/ATB), 2022 U.S. Dist. LEXIS 36051, *9 (N.D.N.Y. Mar. 1, 2022).





First, the Retainer Agreement implicates the work-product doctrine, which provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative…" FED. R. CIV. P. 26(b)(3)(A). "Documents covered by the privilege include materials that reveal an attorney's mental impressions and opinions about a case, as well as the results of an attorney's factual investigation in anticipation of litigation." *Mermerlstein v. United States DOJ*, No. 19-CV-00312 (GRB)(JMW), 2021 U.S. Dist. LEXIS 149445, *19 (E.D.N.Y. Aug. 4, 2021).

Of these two categories, Courts afford an attorney's mental impressions and opinions—known as "opinion work product"—greater protection than fact work product. *Cohen v. City of New York*, 255 F.R.D. 110, 125 (S.D.N.Y. 2008) (internal quotation marks omitted); *see also McDaniel v. Freightliner Corp.*, No. 99 Civ. 4292 (FM), 2000 U.S. Dist. LEXIS 3497, *22 (S.D.N.Y. Mar. 23, 2000) (explaining that the work product doctrine applies "particularly when disclosure of [the relevant] information would reveal the attorney's thinking and strategy, *i.e.*, opinion work product"). Ultimately, the test for determining whether a document is attorney work product is whether the document "'can fairly be said to have been prepared . . . because of the prospect of litigation.'" *Hallmark Cards, Inc. v. Murley*, 2010 U.S. Dist. LEXIS 120186, *15 (S.D.N.Y. Nov. 9, 2010) (quoting *Rodriguez v. SLM Corp.*, No. 07 Civ. 1866 (WWE), 2010 U.S. Dist. LEXIS 33639, *8 (D. Conn. Apr. 5, 2010).

Here, the redactions in sections one through four, ten, and thirteen of the Retainer Agreement all disclose Plaintiff's litigation strategy and easily satisfies this standard. These sections speak directly to what Plaintiff can expect from the action moving forward, how Plaintiff's counsel may proceed, and certain expectations. These also contains mental impressions and opinions regarding Plaintiff's potential claims and the legal scenarios that may ensue from the filing of such litigation. Accordingly, the redacted portions of the Retainer Agreement pertain to litigation strategy and invoke the attorney work product and therefore the Court should allow such redactions.

Second, the Retainer Agreement invokes the attorney-client privilege because certain provisions were "made in contemplation of future professional action by the attorney." *In re Grand Jury Subpoena*, 599 F.2d 504, 510 (2d Cir. 1979); *see also Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 596 (S.D.N.Y. 2015) ("A document may be privileged as an attorney-client communication when the predominant purpose of the communication is to render or solicit legal advice.") (internal quotation marks omitted). In cases where retainer agreements are deemed not privileged, it is because they reveal merely the fact that an attorney was retained. *See Richards*, 2022 U.S. Dist. LEXIS 36051; *Antolini v. McCloskey*, No. 1:19-cv-09038 (GBD) (SDA), 2021 U.S. Dist. LEXIS 224360, *25 n.17 (Nov. 19, 2021). The "fact of retention is not privileged, but the terms of the retention are." *In re Colton*, 201 F. Supp. 13, 16 (S.D.N.Y. 1961).

Here, the redacted portions of sections sixteen and twenty of the Retainer Agreement provide far more than mere evidence of retention. These provisions include specific information provided by Plaintiff to counsel in anticipation of the latter's representation of him, and the other Class members. As a result, the Retainer Agreement is a privileged attorney-client communication and should be redacted as such.





**C. Defendant does not oppose this motion**

As stated above, Defendant does not oppose this letter motion. The parties executed a revised joint motion for settlement approval and an addendum to the proposed settlement agreement that addresses the additional concerns articulated by the Court in its September 8, 2022 Order. Defendant's counsel previously agreed to Plaintiff's seeking leave to file the entire retainer under seal.

**D. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to file the redacted version of the Retainer Agreement.

Respectfully submitted,

Schneider Wallace
Cottrell Konecky LLP

*/s/ Ori Edelstein*
Ori Edelstein

*Attorney for Plaintiff and the putative Class and Collective members*

cc: All Counsel of Record (via ECF)